# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. DOLLAR II, | CASE NO. 1:06-cv-001839-AWI DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| KATHY MENDOZA-POWERS, et al., | (Doc. 9) |
| Defendants. | ORDER DISREGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS MOOT |
| | (Doc. 7) |

Plaintiff William Dollar II ("plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 14, 2008, defendants filed a motion for summary judgment. (Doc. 7). On August 15, 2008, this court issued an order requiring plaintiff to file an opposition or statement of non-opposition to defendants' motion within thirty days from the date of service of the order. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

1  action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.
2  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
3  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
4  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
5  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
6  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
7  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
8  failure to lack of prosecution and failure to comply with local rules).  In determining whether to
9  dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local
10 rules, the court must consider several factors: (1) the public's interest in expeditious resolution of
11 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
12 the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
13 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
14 Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

15      In the instant case, the court finds that the public's interest in expeditiously resolving this
16 litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third
17 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
18 injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air
19 West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of
20 cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.
21 Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal
22 satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
23 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order requiring plaintiff to file
24 an opposition or non-opposition expressly stated:  "If plaintiff fails to file a response to defendants'
25 motion, the court will recommend that this action be dismissed, with prejudice, for failure to obey
26 a court order and failure to prosecute."  Thus, plaintiff had adequate warning that dismissal would
27 result from his noncompliance with the court's order.
28 ///

Accordingly, this action is HEREBY DISMISSED with prejudice for plaintiff's failure to prosecute and failure to obey the court's order of August 15, 2008.

Defendants' motion to dismiss, filed January 14, 2008, is HEREBY DISREGARDED AS MOOT. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

**Dated:   October 3, 2008**              /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE